UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   23-60209-CR-GAYLES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MAXON ALSENAT,

    Defendant.
_____/

## MR. ALSENAT'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS MOTION TO DISMISS INDICTMENT UNDER THE SECOND AMENDMENT

Maxon Alsenat, through counsel, files this reply in support of his Motion to Dismiss Indictment Under the Second Amendment, DE 35, and to address certain arguments raised by the government in its Response, DE 45.

**I.   The government's attempt to show that machineguns are "dangerous and unusual" relies solely on dicta.**

The government relies on *United States v. Miller*, 307 U.S. 174 (1939), and *United States v. Heller*, 554 U.S. 570 (2008), for the proposition that "machine guns have been considered, categorically, 'dangerous and unusual weapons'" such that no protections exist for the same under the Second Amendment. (DE 45 at 3). This reliance is misplaced.

First, neither Court assessed restrictions on machine guns or machine guns at all. In *Miller*, the Supreme Court evaluated a challenge to a then-new federal statute which required, among other things, that everyone who possessed a short-barreled

1

<u>shotgun</u> register such gun within a certain amount of time after the National Firearms Act of 1934 passed. 307 U.S. 175.

In *Heller*, the Court reviewed a District of Columbia statute, the Firearms Control Regulations Act in 1975, which prohibited individual ownership of <u>handguns</u> in most cases except those possessed by current or former law enforcement officers. 554 U.S. 570.

The question of the constitutionality of machine gun disarmament laws was simply not before either Court. The language that the government cites to is thus purely dicta. (DE 45 at 3 (*citing Heller*, 554 U.S. at 626–627)).

Indeed, the Supreme Court has never held that machineguns fall into the category of "dangerous and unusual weapons" such that no Second Amendment protection exists. Moreover, as the government acknowledges, the Eleventh Circuit has similarly never reached such a conclusion. (DE 45 at 4). The government, instead, seeks support in a handful of pre-*Bruen,* out-of-circuit opinions finding the Second Amendment does not protect the possession of machine guns. (*Id*.). These cases rely heavily on *Heller* treating its dicta as settled law and concluding without meaningful discussion that machine guns are solely possessed by those engaged in criminal activities and war.

II. **The government has not established machineguns to be "dangerous and unusual."**

If any Second Amendment carve-out exists for "dangerous and unusual weapons," the government has not established machine guns to belong to such a class.

That is because machine guns are unquestionably in common use today for the purposes of self-defense. As of April 2020, there were more than 726,000 machineguns lawfully possessed in the United States and registered with the Bureau of Alcohol, Tobacco, Firearms and Explosives.1 As of May 2021, that number had increased to more than 740,000 machineguns lawfully possessed and registered in the United States.2 This is almost quadruple the number of lawfully possessed stun guns that Justice Alito found sufficient to characterize that weapon as "widely owned and accepted as a legitimate means of self-defense." *Caetano*, 577 U.S. at 420 (Alito, J., concurring); *see also Maloney v. Singas*, 351 F. Supp. 3d 222, 237–38 (E.D.N.Y. 2018) (finding evidence that the 64,890 nunchaku sold on the retail market in the United States between 1995 and 2018 were sufficient to show the weapon was "in common use"); *Avitabile v. Beach*, 368 F. Supp. 3d 404, 411–12 (N.D.N.Y. 2019) (finding evidence that at least 300,000 tasers were owned by private citizens in the United States sufficient to show the weapon was "in common use").

---

1 U.S. Dep't of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, *Firearms Commerce in the United States: Annual Statistical Update 2020*, 15–16 (2021), *available at* https://www.atf.gov/file/149886/download.

2 U.S. Dep't of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, *Firearms Commerce in the United States: Annual Statistical Update 2021*, 15–16 (2021), *available at* https://www.atf.gov/firearms/docs/report/2021-firearms-commerce-report/download.

These figures also only includes lawfully owned firearms that were grandfathered in from before the passage of the statute in 1986. *See* 18 U.S.C. § 922(o)(2)(B); Pub. L. No. 99-308, sec. 102 (May 19, 1986). The actual number of machine guns currently owned by Americans is undoubtedly significantly higher. Even unlawfully owned machine guns count for the purposes of assessing whether it is in "common use." *Cf. Friedman v. City of Highland Park*, 784 F.3d 406, 409 (7th Cir. 2015) (explaining "it would be absurd to say that the reason why a particular weapon can be banned is that there is a statute banning it, so that it isn't commonly owned.").

### III.   The government has not shown that the United States has a historical tradition of regulating <u>mere possession</u> of a machine gun.

In its Response, the government cites historical ordinances and statutes criminalizing certain conduct related to "dangerous and unusual weapons." (DE 45 at 5–6). More specifically, these statutes criminalized the concealed carry of certain classes of weapons and separately the carrying or bearing of a weapon as to cause affray or terror. *Id.*

Notably, while these statutes reflect regulation as to the manner of public carry, none of them criminalize the conduct at issue here—mere possession as is outlawed under § 922(o).

Moreover, the government offers no historical analog to suggest that individuals such as Mr. Alsenat—with no prior felony convictions—were subject to a

4

total prohibition on mere possession of a particular class of weapon as is the case here.

The government thus fails to refute Mr. Alsenat's showing that § 922(o) violates the Second Amendment as applied to him in this case.

## CONCLUSION

As set forth above and in DE 35, the Court should dismiss the indictment in this case because 18 U.S.C. § 922(o)(1), either on its face or as applied to Mr. Alsenat, violates the Second Amendment.

> Respectfully Submitted,
>
> HECTOR A. DOPICO
> INTERIM FEDERAL PUBLIC DEFENDER

By:   */s/Eboni Blenman*
        Eboni Blenman
        Assistant Federal Public Defender
        Special Bar No. A5502989
        150 W. Flagler Street, Suite 1700
        Miami, Florida   33130
        Tel:   305-530-7000
        E-Mail Address: eboni_blenman@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **March 18, 2024**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> */s/Eboni Blenman*
> Eboni Blenman